22-6134
Singh v. Garland

BIA
Schoppert, IJ
A209 163 218

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:
      RAYMOND J. LOHIER, JR.,
      WILLIAM J. NARDINI,
      STEVEN J. MENASHI,
         *Circuit Judges.*
_____

SUKHWINDER SINGH,
      *Petitioner,*

      v.                        **22-6134**
                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

**FOR PETITIONER:** Jana Junuz, Esq., Law Offices of Jana Junuz, P.C., S. Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of a February 25, 2022 decision of the BIA affirming a November 19, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh*, No. A209 163 218 (B.I.A. Feb. 25, 2022), *aff'g* No. A209 163 218 (Immigr. Ct. N.Y.C. Nov. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence

standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Bharatiya Janata Party ("BJP") and Shiromani Akali Dal Badal Party ("Badal Party") beat and threatened to kill him if he did not leave the Shiromani Akali Dal Amritsar Party ("Mann Party").

3

Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on Singh's inconsistent statements as to the Mann Party's platform and whether his parents had been harmed in India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his asylum application, Singh stated that the party's only goal was to combat drugs and corruption, but he testified before the IJ that the party's only goal was to form a Sikh state of Khalistan and advocate for Sikh rights. He also asserted in his application that his parents were tortured by BJP workers after he left India, but he denied that fact at his hearing. Despite an opportunity to explain these inconsistencies, Singh did not compellingly do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of

4

corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably declined to credit affidavits from his parents because, among other reasons, neither of his parents were made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to letters from applicant's wife and friend] because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"). Further, the generic letters from Singh's party and temple did not discuss the harm he suffered so as to corroborate his claim.

The inconsistencies and absence of reliable corroboration constitute substantial evidence for the adverse credibility determination.[1] *See* 8 U.S.C.

---

[1] We note that, contrary to the BIA's conclusion, the IJ also reasonably relied on striking similarities between Singh's statement and his father's statement. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding agency's reliance on "nearly identical language in the written affidavits allegedly provided by different people"). This was particularly appropriate given Singh's testimony that he had not shared his application with his father or assisted his father in preparing the affidavit.

§ 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of all forms of relief. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

Singh's argument that the proceedings should be terminated because of a defect in his notice to appear is unexhausted, and we therefore do not address it. *.See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (recognizing that issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court